UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN THOMAS SPURLOCK** | : | **CIVIL ACTION NO. 2:16-cv-1136** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 53] filed by defendant the United States of America ("government"), in response to the suit filed against it by pro se plaintiff John Thomas Spurlock under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

Spurlock complains of medical care he received while he was an inmate in the custody of the Bureau Prisons ("BOP") housed at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). Specifically, he alleges that FCIO healthcare providers delayed in diagnosing him with H1N1 influenza in January 2014, resulting in complications, and that they delayed an apparent pneumonia diagnosis in April 2015 due to the lack of an X-ray provider at FCIO.[1] Docs. 4, 6. The

---

[1] Spurlock also asserted that BOP providers failed to provide him with his complete medical records. Doc. 6. He has already litigated motions to compel based on these allegations, and the court denied both motions. *See* doc. 55. Accordingly, to the extent Spurlock asserts the denial of records as a separate claim for relief, the court regards it as already adjudicated.

government moves for summary judgment, asserting that Spurlock's conclusory allegations and failure to designate an expert mean that he cannot establish a claim of medical malpractice. Doc. 53, att. 1; *see* doc. 53, att. 3. Spurlock, who has since been released from prison, has not responded to this motion and his time for doing so has passed. Accordingly, the motion is regarded as unopposed and the government's statement of uncontested material facts [doc. 53, att. 3] is deemed admitted under Local Rule 56.2.

## II.
## LAW & APPLICATION

### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110

(2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Finally, "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule," and the movant still has the burden of establishing the absence of a genuine issue of material fact. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). The nonmovant's failure to file an opposition and statement of contested material facts, however, requires the court to deem the movant's statement of uncontested material facts admitted for the purposes of this motion. Local Rule 56.2.

Louisiana Revised Statute § 9:2794 sets out the elements of a medical malpractice claim under Louisiana law. A plaintiff must prove: (1) the applicable standard of care; (2) a breach of that standard of care by the defendant; and (3) that the plaintiff's injury was a proximate result of that breach. *Id.* at § 9:2794(A). Nurses who perform medical services are subject to the same standard of care as physicians: to exercise the degree of skill ordinarily employed under similar circumstances by members of the profession in good standing in the same community or locality, and to use reasonable care and diligence, along with their best judgment, in their application of skill to the case. *Little v. Pou*, 975 So.2d 666, 674–75 (La. Ct. App. 2d Cir. 2008). Injury alone does not create a presumption of negligence, and the plaintiff has not proven his case if the harm would have resulted nevertheless. La. Rev. Stat. § 9:2794(A)(3), (C); *Swartzlander v. Hunt Lab. Inc.*, 552 So.2d 1339 (La. Ct. App. 5th Cir. 1989). Expert testimony is usually required to establish the applicable standard of care. *Schultz v. Guoth*, 57 So.3d 1002, 1006–07 (La. 2011). However,

an exception is made where "the negligence is so obvious that a lay person can infer [it] without the guidance of expert testimony." *Id.*

  B. *Application*

In his amended complaint, Spurlock asserts that his diagnosis and treatment were delayed on two occasions, in January 2014 and April 2015. He states that a nurse who examined him on January 21, 2014 dismissed his labored breathing as "faking" and sent him back to his housing unit, failing to recognize that he was acutely ill. Doc. 6, p. 4. An administrative remedy response attached to the complaint shows that he alleged having experienced flu-like symptoms for six to seven days before that point, and that he was transferred to a local hospital on January 21, 2014. *Id.* at 12. During his hospitalization Spurlock tested positive for H1N1. *Id.* After extended hospitalization to treat his complications, Spurlock alleges, he returned to FCIO and sought care at health services on April 20, 2015. *Id.* at 4. He asserts that a nurse there examined him and said that he appeared to be okay, but that he would need a chest X-ray to see "what was going on" and that one could not be provided then because there was no X-ray technician on site. *Id.* Spurlock states that he returned to health services on April 26, complaining of shortness of breath, but that the provider only concentrated on his cough and sent him back after prescribing cough medicine. *Id.* He returned to health services on April 27, he states, where the providers noticed his labored breathing this time and transferred him to an outside hospital for treatment. *Id.*

The government moves for summary judgment on Spurlock's claims. It asserts that he cannot show any negligence in the medical care he received at FCIO under the above allegations because he has not designated an expert to attest to causation or to the existence of malpractice. Doc. 53, att. 3. As noted above, Spurlock does not contest these assertions. After a thorough review of the complaint and its attachments, the court agrees that Spurlock cannot support essential

elements of his claim – namely, he cannot show that the respective delays in diagnosis were symptomatic of some breach of the providers' duty of care or that the delays caused or worsened his complications. Accordingly, the government is entitled to judgment as a matter of law.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 53] be **GRANTED** and that all claims be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 7th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE